# JANUARY TERM, 1901.

### SCOFIELD *v.* FARMER.

1. MORTGAGES—VALIDITY—ESTOPPEL—REPLEVIN.
   Where, in replevin, defendant claims the property under plaintiff's mortgage, conditioned for the payment of all his notes indorsed by a third party, which was assigned to defendant, and shows that plaintiff induced him to suspend collection of a certain note signed by plaintiff and such third party on representation that the note was for him to pay, and under promise that the mortgage should be assigned to secure its payment, plaintiff is estopped to dispute the validity of the mortgage, and to deny that it was security for the note.

2. FINDINGS OF FACT—EXCEPTIONS—EVIDENCE.
   An exception to a finding of fact as not supported by the evidence will not be sustained unless there is an entire absence of evidence to support it.

Error to Clinton; Daboll, J. Submitted October 10, 1900. Decided January 8, 1901.

Replevin by Frank A. Scofield, an incompetent, by Addie E. Scofield, his guardian, against Charles Farmer. From a judgment for defendant, plaintiff brings error. Affirmed.

*Edwin H. Lyon,* for appellant.

*High & Everett* (*Bowen, Douglas & Whiting,* of counsel), for appellee.

MONTGOMERY, C. J. This is an action of replevin for a large amount of personal property. The defendant claimed under a chattel mortgage given by plaintiff to Jay V. Retan, dated January 31, 1890, and conditioned that Scofield should pay or cause to be paid, on or before one year from date, all notes or renewals thereof made or

indorsed by Retan for the accommodation of Scofield. The mortgage contained the usual insecurity clause. On the 9th of December, 1890, the City Savings Bank of Detroit forwarded to the defendant, at Ovid, a note for collection, reading as follows:

"$2,000.00.                    OVID, MICH., 6–16, 1890.

"Four months after date we promise to pay to the order of Chas. B. Grey two thousand dollars, at City Savings. Interest, 7 per cent. Value received.

[Signed]    "J. V. RETAN.
            "F. A. SCOFIELD."

On the 16th of January, 1891, Jay V. Retan assigned to the defendant, as trustee for the City Savings Bank, the mortgage above referred to.

Plaintiff's contention is that the note above referred to was the primary obligation of Retan, and was not signed by Retan for his (Scofield's) accommodation, and is not secured by the mortgage. It is not necessary to determine whether the evidence justifies the conclusion that this note was, as between Scofield and Retan, the primary obligation of the former. The court found the following facts:

"Said Farmer duly received said note, and said Farmer and said Grey thereupon called upon said Scofield and said Retan, and it was thereupon agreed by and between said plaintiff, said Retan, said City Savings Bank, and said Grey, that, if said bank would wait two or three weeks before beginning proceedings to enforce the collection of said last-mentioned note, said plaintiff would, before the expiration of said two or three weeks, pay said last-mentioned note, or, in default of such payment within said two or three weeks, then at the expiration thereof said Retan would assign said mortgage to said bank for the collection of said note; and said plaintiff then and there directed said Retan that if, at the end of said two or three weeks, said note was not paid, that he, said Retan, should assign said mortgage. Said plaintiff also then and there represented to said Farmer that said note of June 16, 1890, was for himself to pay, which representation said Farmer believed, and because of such belief made said agreement.

"On the 27th day of December, 1890, said bank, by its

attorney, Frank D. Andrus, of the city of Detroit, Mich., began suit upon said note against said Frank A. Scofield and Jay V. Retan by writ of attachment, and levied upon the property described in the writ of replevin in this cause. Said writ was executed by one Cross, a deputy sheriff of said county of Clinton, and by virtue of said writ of attachment said Cross at once took possession of said property so levied upon. After the levying of said attachment, and before January 1, 1891, it was agreed by and between said bank and said plaintiff and Retan that if said bank would wait until January 10, 1891, said plaintiff would pay his said note, or, in default of the payment, said Retan would assign the said mortgage to said Farmer for immediate enforcement as security to said bank for the note. Neither said plaintiff nor any other person has ever paid said note, or any part thereof."

It appears from this finding that the defendant was induced to extend the time and suspend proceedings on the plaintiff's representation that the note was for him to pay, and under the promise that the mortgage might be assigned to secure the payment of the note. It is contended that the evidence does not support this finding, but we think it amply supported by the testimony of defendant.

It is also contended that the finding shows that the bank did not wait the length of time agreed upon before instituting proceedings. This may be true as to the first agreement, but a second agreement was entered into after the attachment was sued out, and the proceeding held in abeyance until the expiration of the time agreed upon,— January 10th. The plaintiff's counsel contends that there is no testimony to support this finding. The testimony upon this point is not so clear as is that relating to the first agreement, but the defendant, Farmer, testified to two distinct agreements, and testified that the time fixed by the second agreement had expired before the assignment was made. There is not an entire absence of testimony upon this point, and the exception to the finding cannot be sustained. *Ball* v. *Busch*, 64 Mich. 336 (31 N. W. 565).

The plaintiff must be held estopped from disputing the

validity of the mortgage in defendant's hands, as well as denying that it stands as security for the note in question.

The judgment will be affirmed.

The other Justices concurred.